**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| FONTAINE EDMOND, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | Case No. |
| vs. | ) | |
| E.A. Sween Company, | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant E.A. Sween Company ("E.A. Sween") hereby removes the matter captioned *Fontaine Edmond v. E.A. Sween Company*, Case No. 2022CH000027, filed in the Circuit Court of the Eighteenth Judicial Circuit of DuPage County, Illinois on February 2, 2022 (hereinafter referred to as "the State Court Action") to the United States District Court for the Northern District of Illinois. The grounds for removal are set forth below.

**PROCEDURAL BACKGROUND**

1. On February 2, 2022, Plaintiff Fontaine Edmond ("Plaintiff") filed his Class Action Complaint ("the Complaint") against E.A. Sween in DuPage County, Illinois alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq*. The Complaint is centered on E.A. Sween allegedly requiring its Illinois-based employees to have their facial geometry scanned by a purported biometric timekeeping system, without the company complying with BIPA's various procedural requirements. Plaintiff raises three counts, on behalf of himself and a putative class action: (1) violation of BIPA, Section 15(a) for an alleged "Failure to Institute,

Maintain and Adhere to Publicly-Available Retention Schedule and Destruction Policy[;]" (2) violation of BIPA, Section 15(b) for an alleged "Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information[;]" and (3) violation of BIPA, Section 15(d) for an alleged "Disclosure of Biometric Identifiers and Information Before Obtaining Consent[.]" *See* Compl. ¶¶ 67-94.

2. On February 22, 2022, E.A. Sween was served with the summons and Complaint filed in the State Court Action. E.A. Sween's removal of the State Court Action is timely because it is within 30 days of service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(1); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

3. E.A. Sween will promptly provide written notice of the removal of the State Court Action to Plaintiff and file a copy of this Notice of Removal with the Clerk for the Circuit Court of DuPage County, Illinois. *See* 28 U.S.C. § 1446(d).

4. In addition, a true and correct copy of all process, pleadings, and orders served upon E.A. Sween in the State Court Action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a).

**THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331**

5. Pursuant to 28 U.S.C. § 1331, removal is proper because this civil action arises under the laws of the United States as it is preempted by federal labor law, specifically the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

6. Plaintiff started employment with E.A. Sween on December 27, 2021 at its Woodridge, Illinois facility, where he remains employed as a Route Delivery Driver. *See* Compl. ¶ 43; Exhibit B, Declaration of Jeff Trevino, ¶ 5. Based on his position, at all times during his employment, Mr. Edmond has been a member of the bargaining unit represented by Teamsters Local 703, which is signatory to a collective bargaining agreement (CBA) with E.A. Sween. *See*

Ex. B, ¶ 6. A true and correct copy of the CBA is attached hereto as Exhibit B-1. Pursuant to this CBA, Teamsters Local 703 has been the sole collective bargaining agent for drivers employed by E.A. Sween at the Woodbridge facility. Ex. B-1, Article II, Section 1.

7. The CBA also has a "Management Rights" clause providing, in part, that "[a]ll of the rights, functions and prerogatives of [E.A. Sween] and its management which are not expressly and specifically restricted or modified by an explicit provision of this Agreement are reserved and retained exclusively by [E.A. Sween]." *Id.*, Article III. In addition, the CBA contains a specific "Grievance Procedure" culminating in arbitration. *Id.*, Article XV.

8. Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a); *see also Atchley v. Heritage Cable Vision Assoc.*, 101 F. 3d 495, 498 (7th Cir. 1996) ("Section 301(a) of the LMRA provides that suits for violation of contracts between an employer and a labor organization present a federal question that arises under federal law, thus conferring original jurisdiction upon district courts," denying plaintiff's motion to remand).

9. Per recent Seventh Circuit authority, BIPA claims (like those Plaintiff raises here), are removable on the basis of federal-question jurisdiction. *See e.g.*, *Miller v. Southwest Airlines, Co.*, 926 F. 3d 898, 903-05 (7th Cir. 2019); 29 U.S.C. § 185(a). The Seventh Circuit has explained: "[T]here can be no doubt that how workers clock in and out is a proper subject of negotiation between unions and employers," such that the question of whether these unions "consent[ed] to the collection and use of biometric data, or perhaps grant[ed] authority through a management-rights clause" and whether the employer "may use third parties to implement timekeeping and

identification systems, are topics for bargaining between unions and management." *Id.* at 903-04; *see also Fernandez v. Kerry, Inc.*, 14 F.4th 644, 646 (7th Cir. 2021) (applying *Miller* to affirm dismissal of plaintiff's BIPA claims are preempted under the LMRA).

10. Plaintiff's BIPA claims likewise implicate a subject of bargaining and require interpretation of a collective bargaining agreement, including the CBA's Management Rights clause, and, under this CBA, any dispute is to be resolved through its grievance and arbitration process. *Miller,* 926 F. 3d at 903-05; *Fernandez*, 14 F. 4th at 646.

11. Consequently, Plaintiff's BIPA claims are preempted by federal labor law, authorizing removal on the basis of federal question.

**<u>THIS COURT HAS COMPLETE DIVERSITY JURISDICTION</u>**

12. Removal also is proper on the basis of complete diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

13. Plaintiff is a citizen of Illinois. Plaintiff alleges that he is a resident of the State of Illinois. *See* Compl. ¶ 12. His employment records as well reflect that he currently lives in Illinois, and he continues to work in Illinois. *See* Ex. B, ¶ 4.

14. E.A. Sween is a corporation incorporated under the laws of the State of Minnesota. *See* Ex. B, ¶ 3. E.A. Sween's principal place of business is in Minnesota because its headquarters, which is the location from which company officers and top management provide direction to the rest of the organization, is in Minnesota. *Id*. Accordingly, E.A. Sween is a citizen of Minnesota. *See* 28 U.S.C. § 1332(c)(1).

15. Therefore, this action is between citizens of different states under 28 U.S.C. § 1332(a)(1).

16. Further, the amount in controversy exceeds $75,000. In each of the three counts of his Complaint, Plaintiff seeks statutory damages of $5,000 "for each intentional and/or reckless violation of BIPA." *See* Compl. ¶¶ 75, 85, 94. Plaintiff also alleges that E.A. Sween collects employees' facial geometry data each time they clock-in and clock-out. *Id.*, ¶¶ 33, 85. Based on this approach, even the most conservative estimate would have Plaintiff, over just the two-month period before filing the Complaint, clocking in and out far in excess of the 16 times necessary to exceed the jurisdictional amount-in-controversy threshold (i.e. 16 * $5,000 = $80,000). Indeed, by that point, Plaintiff had clocked in and clocked out almost 50 times. *See* Ex. B, ¶ 8. As well, this figure does not include alleged damages for Plaintiff's claims of improper disclosure under BIPA, Section 15(d), nor does it account for the attorneys' fees that he requests. *See* Compl. ¶¶ 75,85,94.

17. Accordingly, this Court has complete diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

**THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

18. Lastly, the Class Action Fairness Act ("CAFA") provides an additional basis for removal.

19. CAFA provides for original jurisdiction in federal court over putative class actions in which (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B).

20. The putative class action in the Complaint satisfies the requirements of CAFA. Plaintiff seeks to represent a class of Illinois workers. *See* Compl. ¶ 57. While the precise number

in the proposed class cannot be determined until discovery, the aggregate putative class size according to Plaintiff's allegations – based on a five-year statute of limitations[1] – is estimated to be at least 260 members. *See* Ex. B, ¶ 7.

21. The Complaint alleges reckless or intentional violations of BIPA, which carry statutory damages of $5,000 for "each violation." *See* 740 ILCS 14/20. If each potential class member clocked in and clocked out at least four times, (i.e. $20,000 total per person), recovery of greater than the $5,000,000 jurisdictional threshold is not "legally impossible" (260 * $20,000 = $5,200,000). *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008). And this analysis again does not take into account Plaintiff's request for attorneys' fees or for alleged damages for BIPA, Section 15(d) violations.

22. The parties are also minimally diverse in that Plaintiff is a citizen of Illinois and E.A. Sween is a citizen of Minnesota. (*Supra*, ¶¶ 13-14.)

**VENUE IS PROPER HERE**

23. Removal to this district and division is proper because the Circuit Court of the Eighteenth Judicial Circuit of DuPage County, Illinois is located within the Eastern Division of the Northern District of Illinois federal court. *See* 28 U.S.C. §§ 1441(a), 1446(a).

24. E.A. Sween reserves the right to amend or supplement this Notice of Removal.

25. E.A. Sween submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff pled claims upon which relief can be granted.

[1] On September 17, 2021, the First District of the Illinois Appellate Court held that claims under BIPA, Sections 15(a), (b), and (e) are subject to a five-year limitations period. *Tims v. Black Horse Carriers, Inc.*, 2021 IL App (1st) 200563. On January 26, 2022, the Illinois Supreme Court accepted a petition for leave to appeal that decision.

Dated: March 23, 2022

Respectfully submitted,

/s/ *Gregory P. Abrams*

Gregory P. Abrams
gregory.abrams@faegredrinker.com
Justin Kay
justin.kay@faegredrinker.com
Taylor L. Haran
taylor.haran@faegredrinker.com
320 S. Canal St, Suite 3300
Chicago, Illinois 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2022, I electronically filed the foregoing document with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system, which sent notification of such filing to the registered CM/ECF participants. The foregoing document will also be served via overnight delivery upon all attorneys of record.

Hayley R. Jenkins
Ryan F. Stephan
James B. Zouris
Stephan Zouras, LLP
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606

*/s/ Gregory P. Abrams*